UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

**THOMAS DIETZ**,

    *Plaintiff*,

vs.

**GULFSTREAM PARK RACING ASSOCIATION, INC. d/b/a GULFSTREAM PARK RACING AND CASINO**, a Florida profit corporation,

    *Defendant*.

_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW, Plaintiff, THOMAS DIETZ, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and sues the Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC. d/b/a GULFSTREAM PARK RACING AND CASINO, a Florida profit corporation, and alleges as follows:

1. The Plaintiff, a former employee of the Defendant, brings this collective action on behalf of himself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. The jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, the Plaintiff, and all others similarly situated, were

citizens and residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. At all times material hereto, the Defendant, the employer of the Plaintiff and others similarly situated, was conducting business in this judicial district, was an 'employer' under the FLSA, and an enterprise engaged in commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C § 203(r) and 203(s).

6. Based upon the information and belief, the annual gross sales volume of the corporate Defendant was and continues to be in excess of $500,000.00 per annum at all times material hereto.

7. The Plaintiff, THOMAS DIETZ, was hired as a non-exempt employee by the Defendant from September, 2014 through April, 2015.

8. The Plaintiff, and others similarly situated, were poker dealers at the Defendant's casino, and were 'tipped' employees under the FLSA.

9. During the employment of the Plaintiff and those similarly situated, the Defendant illegally claimed a 'tip-credit' for the Plaintiff and others similarly situated, and paid those employees below the statutorily required minimum wage under the FLSA

10. In order for the Defendant to claim this illegal 'tip-credit', the Plaintiff and others similarly situated must be informed of the provisions of the 'tip-credit', and all tips received by the Plaintiff, and others similarly situated, must be absolutely retained by the Plaintiff, or pooled with, other 'tipped' employees.

11. The Defendant however failed to comply with the 'tip-credit' requirements pursuant to the FLSA by, inter alia, including floor supervisors and/or managers as 'tipped' employees that received portions of the tips of the Plaintiff and others similarly situated.

12. The Defendant's failure to comply with the FLSA 'tip-credit' requirements precludes the Defendant from claiming a 'tip-credit' for the Plaintiff and others similarly situated.

13. The Defendant, unable to claim a 'tip-credit', is consequently and legally required to compensate the Plaintiff and others similarly situated with the full minimum wage and overtime for all hours worked.

14. The Defendant willfully refused to properly compensate the Plaintiff, and others similarly situated, for the full minimum wage and overtime in violation of the FLSA, as the aforementioned 'tip-credit' was claimed, despite the fact that the Defendant failed to comply with the 'tip-credit' requirements under the FLSA.

15. All records concerning the number of hours actually worked by the Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

16. The Plaintiff, however, will exercise all legal efforts to obtain such information by appropriate discovery proceedings in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff, and others similarly situated.

## COUNT I
## FLSA

The Plaintiff, and others similarly situated, incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

17. The Plaintiff, and others similarly situated, is entitled to minimum wage and overtime compensation for all hours worked pursuant to the FLSA.

18. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

**WHEREFORE**, Plaintiff, THOMAS DIETZ, on behalf of himself and all others similarly situated, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, THOMAS DIETZ, on behalf of himself and all others similarly situated, demands trial by jury of all issues triable as of right by a jury.

Dated this 22nd day of March, 2017.

                Respectfully submitted,

                **WHITELOCK & ASSOCIATES, P.A.**
                300 Southeast Thirteenth Street
                Fort Lauderdale, Florida 33316
                Tel: (954) 463-2001 Fax: (954) 463-0410
                E-mail: cjw@whitelocklegal.com
                davidfrank@whitelocklegal.com
                Counsel for Plaintiff

                /s/ Christopher J. Whitelock_____
                CHRISTOPHER J. WHITELOCK
                Florida Bar No. 067539
                DAVID FRANK
                Florida Bar No. 93906