# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement (hereinafter "Agreement') is entered into by and between THOMAS DIETZ ("DIETZ") and GULFSTREAM PARK RACING ASSOCIATION, INC. a Florida corporation (hereinafter referred to as "GPRA").

WHEREAS, DIETZ filed a lawsuit in the United States District Court, for the Southern District of Florida, Case No. 17-CIV-60586-DIMITROULEAS for a Fair Labor Standards Act ("FLSA") claim against GPRA (the "Lawsuit");

WHEREAS, GPRA denies the Lawsuit and denies any and all liability to DIETZ; and

WHEREAS, DIETZ and GPRA prefer to avoid the uncertainties and expense of litigation over the Lawsuit.

NOW, THEREFORE, for good and valuable consideration, it is agreed as follows:

**1.     General Release and Waiver of All Rights and Claims.** In consideration of the payments and terms in this Agreement, DIETZ knowingly and voluntarily does hereby fully and generally release (a) GPRA and its past and present officers, partners, managers, principals, shareholders, employees, directors, members, lawyers, agents, successors and assigns, (b) all of GPRA's individual and collective affiliated or related corporations, partnerships, business entities, parent corporations, insurers or subsidiaries; and (c) all of the past and present officers, partners, managers, principals, shareholders, employees, directors, members, lawyers, agents, and Board of Directors of GPRA's individual and collective affiliated or related corporations, partnerships, business entities, parent corporations, insurers or subsidiaries (the entities and persons referenced in (a), (b) and (c) above in this Section are hereinafter collectively referred to as the "Released Parties") from any and all claims, causes of action, demands, damages, and liability now accrued on account of any claim or cause of action which DIETZ now has or may have against the Released Parties, regardless of whether such claims are known or unknown or discovered or not yet discovered. DIETZ knowingly and voluntarily does hereby fully and generally waive any and all known and unknown and/or discovered and undiscovered rights, claims, losses, damages or demands which DIETZ has, had or may have against the Released Parties as of the date of the execution of this Agreement including, but not limited to, any and all claims arising from DIETZ' previous employment with any of the Released Parties, his/her separation of employment with any of the Released Parties, and/or any claim(s) under Title VII of the Civil Rights Act of 1964, as amended; The Florida Civil Rights Act; The Age Discrimination in Employment Act, The Americans with Disabilities Act; The Equal Pay Act; The Fair Labor Standards Act; The Family and Medical Leave Act; the Florida Whistleblowers Act; the Clean Indoor Air Act; any federal, state, local, or foreign civil or human rights law or any other federal, state, local or foreign law, regulation or ordinance; any public policy, agreement, contract, constitutional, common law, or tort theory (including, but not limited to, claims for negligence, negligent or intentional infliction of emotional distress, fraud, misrepresentation, workers' compensation, unpaid wages, defamation, assault, battery, false imprisonment, wrongful termination, discrimination, retaliation, invasion of privacy, breach of employment contract, or any type of claim for personal injury, etc.) whether based on common law or otherwise.

To the fullest extent permissible by law, DIETZ also knowingly and voluntarily waives and gives up any right to become, and promise not to consent to become, a member of any

class or collective action in a case in which claims are asserted against GPRA that are related in any way to DIETZ' employment, wages or termination of employment with GPRA. If, without DIETZ' prior knowledge and consent, DIETZ is made a member of a class or collective action in any proceeding, DIETZ will opt out of the class at the first opportunity.

This waiver and release also waives and releases any claim or demand for loss or damages of any kind, including costs, fees, attorneys' fees or other expenses. The listing of claims waived in this Section 1 is intended to be illustrative rather than exhaustive. Thus, DIETZ acknowledges and agrees that this Agreement constitutes a full and final bar to any and all claims of any type that DIETZ now has, had or may have against the Released Parties as of the effective date of the execution of this Agreement.

In exchange for the consideration in this Agreement from DIETZ, GPRA releases DIETZ from any and all claims, charges, actions and causes of action of any kind or nature that GPRA once had or now has, whether arising out of DIETZ's alleged employment or otherwise, and whether such claims are now known or unknown to GPRA from the beginning of the world to the effective date of this Agreement.

**2.     No Prior Assignment of Claims; No Lawsuits or Claims**. DIETZ warrants, represents and agrees that DIETZ has not assigned any of DIETZ' claims against GPRA to any person, entity or third party. DIETZ warrants and represents that DIETZ has filed no claims against GPRA or any of the Released Parties except for the Lawsuit. DIETZ further promises not to institute or have instituted on DIETZ' behalf any lawsuit, claim in arbitration or similar proceeding against any of the Released Parties that DIETZ has waived under this Agreement or that the parties intended that DIETZ would be waiving as shown in the express and specific language in Section 1 of this Agreement. DIETZ agrees that with respect to the claims that DIETZ is waiving, DIETZ is waiving not only DIETZ' right to recover money or other relief in any action that DIETZ might institute, but also that DIETZ is waiving DIETZ' right to recover money or other relief in any action that might be brought on DIETZ' behalf by any other person or entity including, but not limited to, the Department of Labor, the EEOC, the FCHR or any other federal, state or local governmental agency or department.

**3.     Non-disparagement.** DIETZ agrees that in any and all conversations, writings or communications regarding GPRA or any of the Released Parties, that DIETZ shall make no negative or derogatory statements concerning GPRA or any of the Released Parties. DIETZ further agree that DIETZ will not directly or indirectly contact members of the press or media, any federal, state or local governmental agency, or any past or present employees of any of the Released Parties in order to disparage the reputation, business or employment practices of GPRA or any of the Released Parties, or inform of the nature and/or outcome of DIETZ claims against GPRA. GPRA agrees that in any and all future conversations, writings and inquiries,  and in all recommendations in reference to DIETZ, GPRA shall make no negative or derogatory statements regarding DIETZ. GPRA agrees that it will make no disclosures concerning DIETZ' employment, except to state that pursuant to policy it can only confirm employment, job title, dates of service, rate of pay or to disclose other information as required by law.

**4.     Consideration**. In consideration for DIETZ's obligations in this Agreement, GPRA agrees to pay DIETZ and their attorneys the sum of Two Thousand Eight Hundred Fifty Dollars and 00/Cents ($2,850.00) (the "Settlement Proceeds") with DIETZ and his/her attorney receiving the Settlement Proceeds in the form of two settlement checks as follows: the first settlement check from or paid on behalf of GPRA to "THOMAS DIETZ" in the amount of Eight Hundred Fifty Dollars and 00/Cents ($850.00) ("Settlement Check No. 1"); and the

second settlement check from or paid on behalf of GPRA to "WHITELOCK & ASSOCIATES, P.A." in the amount of Two Thousand Dollars and 00/Cents ($2,000.00) ("Settlement Check No. 2") for attorneys' fees and costs. DIETZ understands and agrees that the payments referenced above in this Section 4 and are all that DIETZ is entitled to receive as settlement of all claims released and waived in this Agreement and DIETZ' other obligations in this Agreement. DIETZ understands and acknowledges that DIETZ would not receive the payments and benefits herein except for DIETZ': (a) agreement to dismiss the Lawsuit and release and waive all claims against the Released Parties in this Agreement, and (b) fulfillment of all other promises made by DIETZ in this Agreement. DIETZ agrees that the payments referenced above in this Section constitute adequate and ample consideration to DIETZ for the rights and claims that DIETZ is releasing and waiving under this Agreement and for the obligations imposed upon DIETZ by virtue of this Agreement.

   **5.**   **Dismissal of Claims**. Upon the execution of this Agreement, DIETZ and GPRA, by and through their respective attorneys, will enter into a Stipulation for Dismissal with Prejudice of all claims in the United States District Court, for the Southern District of Florida, Case No. 17-CIV-60586-DIMITROULEAS. Should the Court require review and/or approval of the Settlement Agreement, the Parties will first attempt to preserve confidentiality by requesting an in camera review and by not filing this Agreement with the Court unless required by the Court.

   **6.**   **Delivery of Payments**. GPRA will deliver all settlement checks referenced in Section 4 to DIETZ' attorney, WHITELOCK & ASSOCIATES, P.A., 300 Southeast Thirteenth Street, Fort Lauderdale, Florida 33316 within fifteen (15) business days of the execution of this Agreement and DIETZ's delivery of the w-9s referenced in Section 15 of this Agreement. All delivered settlement checks shall be held in trust by DIETZ's attorneys without dispersal until after the Court's entry of an Order of Dismissal with Prejudice. The Settlement Checks shall be returned to GPRA should the Court fail or refuse to approve the settlement in this Agreement.

   **7.**   **No Re-employment**. DIETZ agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with or to provide services in any manner to the Released Parties. DIETZ further agree that the Released Parties shall not be under any obligation to employ or contract with DIETZ and that, should any application be made by DIETZ, the Released Parties shall not have any obligation to process that application or to hire DIETZ and that the failure to process the application or to hire DIETZ shall not constitute a violation of any local, state or federal law.

   **8.**   **Confidentiality**. DIETZ agrees to keep confidential all of DIETZ' claims against GPRA, and all allegations, facts or circumstances believed to support any claim or claims against GPRA or any of the Released Parties. DIETZ agrees he/she will not discuss or communicate about such claims and allegations, facts or circumstances believed to support any claim or claims with any person except DIETZ' attorney, spouse or accountant (collectively, "DIETZ Permitted Persons"). DIETZ also understands and agrees that this Agreement is a confidential document, as are all of the terms and conditions expressed in this Agreement. DIETZ agree that he/she will not discuss this Agreement, the terms and conditions of this Agreement, or the circumstances related thereto, with any other person except a DIETZ Permitted Person. In the event DIETZ discusses this Agreement with any DIETZ Permitted Persons, it shall be DIETZ' duty, responsibility, and obligation, as the case may be, to advise those persons of the confidential nature of this Agreement and that they are bound to confidentiality and to direct them not to discuss the terms of this Agreement with any other person. Any disclosure of this Agreement or DIETZ' claims by a DIETZ Permitted

Person shall be a breach of this Agreement. DIETZ shall be fully and completely responsible for a breach of this confidentiality provision and vicariously liable for any breach of this confidentiality provision by any DIETZ Permitted Persons. If at any time DIETZ is contacted by or comes in any contact with any person or entity, including but not limited to any past or present GPRA employees or their representatives, inquiring about GPRA or the Lawsuit, DIETZ shall not state or imply that any claims were settled with GPRA or that he/she entered into this Agreement; in response to any such inquiry, DIETZ shall only respond: "I don't want to talk about GPRA," and cease talking about GPRA. In the event DIETZ is subpoenaed or otherwise legally compelled to testify about any matters concerning GPRA or DIETZ' employment with GPRA, it shall be said DIETZ' duty to notify GPRA in writing within three (3) days of the receipt of such subpoena or legal compulsion by sending correspondence (with confirmation of receipt) to Steven M. Parrish, Esquire, c/o Steven M. Parrish, P.A., 330 Clematis Street, Suite 207, West Palm Beach, Florida 33401, Facsimile Telephone No. (561) 655-5447. DIETZ shall afford GPRA a reasonable time period to object to the subpoena or legal compulsion, and shall not provide any such testimony and/or documents including this Agreement until GPRA's objection rights are exhausted or waived.

**9.     Encouragement to Consult Attorney; Time to Consider**. GPRA is hereby encouraging DIETZ to consult with an attorney about this Agreement, and DIETZ acknowledge that they have, in fact, been represented by WHITELOCK & ASSOCIATES, P.A. in this matter and have consulted with their attorney(s) at WHITELOCK & ASSOCIATES, P.A. before signing this Agreement. DIETZ acknowledges that he/she has had a reasonable period of time to consider this Agreement before executing it.

**10.     Effective Date**. This Agreement becomes effective immediately upon execution by the parties.

**11.     No Admission of Wrongdoing or Liability**. DIETZ agrees and acknowledges that GPRA denies any liability to DIETZ. DIETZ agrees that this Agreement and/or the furnishing of any consideration under this Agreement shall not be construed as, interpreted as or used to prove (a) any liability by GPRA, or (b) unlawful conduct by GPRA.

**12.     Liquidated Damages Provision.** DIETZ agrees that in the event DIETZ breaches his/her obligations set forth in Sections 3 or 8 of this Agreement, GPRA shall be entitled to recover liquidated damages against DIETZ in the amount of $750.00 for each breach in addition to all other remedies permitted by law.  DIETZ acknowledge that GPRA would not have entered into this Agreement but for DIETZ's agreement to Sections 12 in this liquidated damages provision.  DIETZ'S further acknowledges that the damages caused by such a breach would be difficult to measure and that the liquidated damages herein are not disproportionate to the damages that could be reasonably expected as a result of a breach of Sections 3 or 8 of this Agreement.

**13.     Governing Law, Severability, and Interpretation**. This Agreement, and only this Agreement, shall be governed and construed in accordance with the laws of the State of Florida. If any provision, sentence, clause or word in this Agreement is declared illegal or unenforceable and if the provision, sentence, clause or word cannot be modified to be enforceable, then the illegal or unenforceable provision, sentence, clause or word (to the narrowest extent possible) shall immediately drop out of the Agreement and become null and void, leaving the remainder of this Agreement in full force and effect.

**14.     Entire Agreement**. This Agreement and the Confidential Settlement Agreement for resolution of DIETZ's Florida minimum wage claims executed simultaneously

with this Agreement set forth the entire agreement between DIETZ and GPRA and shall supersede any and all prior agreements or understandings, whether written or oral, between the parties. DIETZ acknowledges that he/she have not relied on any representations, promises, or agreements of any kind made to DIETZ in connection with the decision to sign this Agreement except for those set forth in this Agreement and the Confidential Settlement Agreement for resolution of DIETZ's Florida minimum wages claims.

15. **Tax Liability.** Separate IRS Form 1099's will be issued to DIETZ and WHITELOCK & ASSOCIATES, P.A. for the Settlement Proceeds, and DIETZ and WHITELOCK & ASSOCIATES, P.A. will both provide GPRA with an IRS Form w-9 upon the execution of this Agreement. The failure to provide either of the required w-9s will delay the delivery of the Settlement Proceeds. DIETZ agrees that he is responsible for any and all tax liabilities, if any, resulting from the payment of the settlement check no. 1 referenced in Section 4 of this Agreement. DIETZ agrees to indemnify, defend and hold harmless GPRA for any tax liability or legal action brought against it as a result of the payments of the Settlement Proceeds.

16. **Execution in Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute one and the same instrument. Additionally, the different counterparts of this Agreement may be executed separately by the parties, and all such separately executed counterparts, when taken together, shall be treated in all manner and respect as an original document. Any counterpart delivered electronically via email or fax shall be deemed to be an original document.

17. **Reasonable Compromise of FLSA Claims.** DIETZ specifically agrees and represents that the amount of the settlement proceeds paid pursuant to this Agreement are a reasonable compromise of the claim in the Lawsuit. Specifically, DIETZ understands that it is GPRA's position that it maintains a legitimate tip pool with only tipped employees and that GPRA fully complied with all FLSA tip credit and wage payment requirements.

18. **Modification Only in Writing.** Neither this Agreement nor any provision hereof may be changed, waived, discharged or terminated, except by a subsequently executed instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, DIETZ AND GPRA FREELY KNOWINGLY, AND AFTER DUE REFLECTION, ENTER INTO THIS AGREEMENT.**

THOMAS DIETZ:

_Thomas Dietz_
Thomas Dietz (May 23, 2017)

Date: May 23, 2017

GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida corporation

By: _[signature]_
As its: VP Human Resources
Date: 5/24/2017